In the Matter of ROLAND N. TREMBLE, Petitioner, v. GEORGE M. BRAGALINI et al., Constituting the State Tax Commission, Respondents.

In the Matter of ROBERT F. TILLISON, Petitioner, v. GEORGE M. BRAGALINI et al., Constituting the State Tax Commission, Respondents.

Third Department, December 20, 1961.

*Sanford & Forner* for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Robert W. Bush* and *Paxton Blair* of counsel), for respondents.

*Per Curiam.* Petitioners appeal from a determination of the State Tax Commission which assessed additional personal income taxes for the years 1942, 1943, 1944 and 1949, pursuant to section 351 of the Tax Law.

The petitioners, both residents of New Jersey, during the taxable years were members of a New York partnership known as Phagan, Tillison & Tremble, engaged in the practice of certified public accountancy. The firm was located at 25 West 43rd Street, New York City. A partnership return was filed in New York for each of the taxable years.

A number of the firm's accounts were with New Jersey business concerns and the petitioners each serviced several different New Jersey clients and allocated on their personal income tax returns the income from within and without the State. The Tax Commission disallowed such allocation and made an additional assessment contending the partnership was engaged in business within the State of New York and that it maintained no office or place of business other than at the above-mentioned address.

The proof at the hearing established that the petitioners worked in their clients' offices in New Jersey, but it also appeared that the petitioner Tremble was a financial adviser and a trustee of the trust under which his principal client conducted its business. There were no telephones, letterheads, billheads or associated items under the partnership name in New Jersey, and a fair appraisal of the evidence results in the conclusion that the business of the out-of-State accounts was carried on in New York but the clients were serviced in their places of business in New Jersey as a matter of convenience. It apparently is a common practice for accountants to go to the place of business of their clients rather than for the clients to come to the accountants' office and this procedure is due to the type of work involved and the necessity of examining books and various documents closely associated with the individual business. The commission decided that such facilities as were used in New Jersey did not constitute any office or place of business within the meaning of the Personal Income Tax Law and Personal Income Tax Regulations.

Section 351 of the Tax Law imposes an income tax upon the net income of a nonresident to the extent that such income is derived '' from all property owned and from every business, trade, profession or occupation carried on in this state by

natural persons not residents of the state ''. Expanding upon this principle, the Tax Commission has promulgated certain regulations among which is article 415: '' Reg. Art. 415. Definition of ' Business Carried on ' Within the State.— A business, trade, profession or occupation (as distinguished from personal service as employee) is carried on within the State by a non-resident when he occupies, has, maintains or operates desk room, an office, a shop, a store, a warehouse, a factory, an agency or other place where his affairs are systematically and regularly carried on notwithstanding the occasional consummation of isolated transactions without the State. This definition is not exclusive. Business is being carried on if it is here with a fair measure of permanency and continuity. A taxpayer may enter into transactions for profit and yet not be engaged in a trade or business. If a taxpayer pursues an undertaking constantly as one relying on his profits therefrom for his income or part thereof he is carrying on a business or occupation.''

And article 455: '' Reg. Art. 455. Business Carried on Wholly Within the State.— The entire net income of a non-resident from a business, trade, profession or occupation, carried on within the State (as ' business carried on ' is defined in Article 415), and not carried on elsewhere, as so defined, is income from a source within the State of New York and taxable as such.''

It may well be that the New Jersey clients of the New York partnership were convenienced by having the accountants come to their places of business but it also appears that it was a matter of convenience to the individual petitioners and to their partnership. The facts in this record conclusively establish that the work performed in New Jersey was under the direction and supervision of the New York office and the income from that work was properly allocated to New York. The cases cited by the petitioners are not in conflict with this decision.

While some of the detailed work was done outside of the State, the partnership business was carried on in New York State on a permanent and continuous basis and all of the members of the partnership derived their personal income from the business which was carried on within New York State.

Determination of the Tax Commission should be confirmed.

Present — BERGAN, P. J., COON, GIBSON, HERLIHY and TAYLOR, JJ.

Determination of the Tax Commission unanimously confirmed, with $50 costs.